IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) **CASE NO.:** 09-14820-**WSS-13** |
| **WILLIAM FORESTER** | ) |
| | ) |
| Debtor, | ) |
| | ) |

| | |
|---|---|
| **WILLIAM FORESTER,** | )ADVERSARY PROCEEDING |
| | )NUMBER: AP 10-00052 |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| BAC Home Loans Servicing, L.P. f/k/a | ) |
| Countrywide Home Loans Servicing, L.P. | ) |
| And A through Z, being those persons or | ) |
| entities who are responsible for the | ) |
| wrongful acts and omissions alleged | ) |
| herein by whose names are not known to | ) |
| Plaintiffs, but will be supplied when | ) |
| ascertained, | ) |
| | ) |
| **Defendants.** | ) |

## THIRD AMENDED COMPLAINT

NOW COMES the debtor, William James Forester as plaintiff in this adversary proceeding and as his claims against the above-described Defendants, asserts as follows:

1. This Court has jurisdiction of this adversary proceeding pursuant to 18 U.S.C. § 1334;

2. This Proceeding to determine the value, extent and validity of a lien is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K);

3. The defendant is a claimant in the above-styled case having filed a secured claim in the amount of $121,921.16.

## PARTIES

4. Plaintiff is a natural person and adult resident of Mobile County, Alabama.

5. Defendant BAC Home Loans Servicing, L.P. (hereinafter referred to as "BAC"), is a New York corporation, with its principal place of business in California. BAC does business in the State of Alabama.

6. Defendants A through Z are those persons or entities who are responsible for the wrongful acts and omissions alleged herein by whose names are not known to Plaintiffs, but will be supplied when ascertained.

## FACTUAL ALLEGATIONS

7. On June 17, 2005, Plaintiff obtained a real estate mortgage loan from Countrywide Home Loans, ("Countrywide"). That loan created a mortgage in favor of Countrywide on Plaintiff's property located at 15030 Butler Road in Wilmer.

8. Countrywide serviced the mortgage until sometime in 2008 when the servicing of the mortgage was transferred from Countrywide to BAC. At that time the Plaintiff was behind on his loan payments.

9. Sometime in late 2008, Plaintiff was notified by BAC that he was in default of the mortgage. Plaintiff contacted BAC to discuss his options as he had fallen behind several months on the loan payments.

10. In fact, Plaintiff in January 2009 was offered a modification program by BAC called "The HomeSaver Advance". This program was designed to take the past due payments owed on the mortgage and place them into a 15 year payment plan. This would be a separate payment which would be made at the same time as the regular monthly loan payment.

2

11. The Plaintiff believing this would be in his and his family's best interest, agreed to the modification program. He and his wife signed and sent in the required paperwork. The payments on the loan were fixed at $33.07 a month starting in August, 2009.

12. In March 2009, Plaintiff discovered that the modification had not been processed after receiving another "The HomeSaver Advance" packet which was identical to the previous documentation, except for a higher monthly payment. Plaintiff contacted BAC and was told to sign and return this documentation and the program would begin immediately. Plaintiff and his wife again signed the modification and sent in the required paperwork.

13. On May 5th, 2009, Plaintiff received a notice of intent to accelerate from BAC stating that $7,169.70 was due to BAC immediately or the Plaintiff would face immediate foreclosure on his home. Plaintiff assumed that after he sent in the second modification packet that the loan had been placed into "The HomeSaver Advance" modification program.

14. On or about June 12, 2009 received another "The HomeSaver Advance" modification packet. Plaintiff contacted BAC and attempted to find out why another packet was sent. Plaintiff received no definitive answer and once again to save his home, he and his wife again filled out the documentation and sent it in to BAC on June 22, 2009.

15. On August 27, 2009, Plaintiff received a foreclosure notice from Sirote & Permutt representing BAC. In instituting the foreclosure proceedings, BAC notified the Plaintiff that the foreclosure sale would take place if the Plaintiff did not pay $130,397.24 in a lump sum to reinstate the mortgage.

16. A foreclosure sale was scheduled to take place in September 2009. Despite the information provided to BAC and Plaintiff's pleas that he was not in default under the mortgage,

3

and that he had provided the requested documentation under "The HomeSaver Advance" program, BAC refused to cancel the foreclosure sale.

17. On October 15, 2009, Plaintiff was forced to initiate a bankruptcy proceeding to prevent the foreclosure sale.

18. At all relevant times, Plaintiff has complied with the terms of this mortgage and the mortgage modification and BAC's actions in holding the Plaintiff in default and initiating foreclosure proceedings are contrary to the terms of the mortgage, modified mortgage, promissory note and applicable law.

## COUNT I
### (WRONGFUL FORECLOSURE)

19. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

20. The institution of foreclosure proceedings by BAC was wrongful. The wrongful acts and omissions include, but are not limited to, the following: the institution of foreclosure proceedings when no default had occurred under the mortgage; the imposition of escrow-related charges when no escrow account existed; the ignoring of evidence provided by the Plaintiffs and information readily available to BAC which conclusively demonstrated that Plaintiffs were not in default; the communication of a false and grossly inflated reinstatement amount; and the failure to accept payments tendered by Plaintiffs.

21. Plaintiffs have suffered damage as a proximate result of the wrongful foreclosure.

**WHEREFORE**, Plaintiffs request that this Court enter judgment against BAC for wrongful foreclosure and award them compensatory damages, including damages for mental

anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

## COUNT II
### (WANTONNESS)

22. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

23. The acts and omissions made by Defendant BAC in connection with its management of Plaintiffs' mortgage loan account and the purported foreclosure sale all constitute wantonness and were made with a wanton, reckless or conscious disregard for the Plaintiffs' rights and welfare.

24. Plaintiffs have suffered damage as a proximate result of the Defendant's wantonness.

**WHEREFORE**, Plaintiffs request that this Court enter a judgment against Defendant BAC for wantonness and award Plaintiffs compensatory damages, including damages for mental anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

## COUNT III
### (NEGLIGENCE)

25. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

26. The acts and omissions made by Defendant BAC in connection with their management of the Plaintiffs' account and the conducting of the purported foreclosure sale constitute negligence.

27. Plaintiffs have suffered damage as a proximate result of the Defendant's negligence.

**WHEREFORE**, Plaintiffs request that this Court enter a judgment against Defendant BAC for negligence and award them compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

## COUNT IV
### (BREACH OF MORTGAGE AGREEMENT)

28. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

29. The acts and omissions made by Defendant BAC in connection with management of the Plaintiffs' account and the conducting of the purported foreclosure sale constitute a breach of the Plaintiffs' mortgage agreement.

30. Plaintiffs have suffered damage as a proximate result of the Defendant's breach.

**WHEREFORE**, Plaintiffs request that this Court enter a judgment against Defendant BAC for breach of the mortgage and award them compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs. Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

## COUNT V
### (FDCPA Violation)

31. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

6

32. This is a claim asserted against BAC for violations of the FDCPA.

33. Defendant BAC is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

34. Defendant has violated the FDCPA in connection with its attempts to collect the account against Plaintiff. Defendant's violations include, but are not limited to, failing to comply with the requirements of 15 U.S.C. 1692g(a).

35. As a result of its violations of the FDCPA, BAC is liable to Plaintiff for declaratory judgment that BAC violated the FDCPA, actual damages, statutory damages, plus costs and attorney's fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant BAC for the following:

A. Statutory damages pursuant to 15 U.S.C. 1692k;

B. Declaratory judgment that Defendant's conduct violated the FDCPA;

C. Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

D. Such other and further relief as this Court deems just and proper, the premises considered.

### COUNT VI
### (BREACH OF FIDUCIARY DUTY)

36. The allegations stated in all of the above paragraphs are incorporated as if fully asserted herein.

37. Defendants BAC and A owed Plaintiffs an implied fiduciary duty of fairness and good faith as to all aspects of the mortgage agreement, including the exercise of any power of

sale clause contained in the mortgage.

38. The acts and omissions made by Defendant BAC, acting as agent for Defendant A, in connection with the management of the Plaintiffs' account and the conducting of the purported foreclosure sale contrary to the terms of the mortgage, as modified, constitute a breach of Defendants' implied duty of fairness and good faith. The trust imposed upon Defendants by Plaintiffs and by operation of law and equity has been breached by the acts and omissions of Defendants' as alleged herein, and Plaintiffs have been damaged as a result of said breach.

**WHEREFORE**, Plaintiffs request that this Court enter a judgment against Defendants BAC and A for breach of their duties owed to Plaintiffs and declare that the purported foreclosure sale be set aside as void and of no effect. Plaintiffs also request that this Court award them compensatory damages, including damages for mental anguish and emotional distress, plus interest and costs, and punitive damages. Plaintiffs further request such other relief as the Court deems just and proper, the premises considered.

Dated on this day, May 25th, 2010.

/s/James D. Patterson
**James D. Patterson (PATT6485)**
**Underwood & Riemer, P.C.**
**166 Government Street, Suite 100**
**Mobile, AL 36602**
**Telephone: 251-432-9212**
**Facsimile: 251-433-7172**
**Email: jpatterson@alalaw.com**

**PLEASE SERVE DEFENDANT AS FOLLOWS:**

BAC Home Servicing
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104